# McCAIN FOODS, INC.

## v.

# Kempton GERARD and Diane Gerard.

Supreme Judicial Court of Maine.

Argued Nov. 7, 1984.

Decided March 25, 1985.

Section B, Page 5. This provision did not become effective until after plaintiff had been denied benefits.

Rudman & Winchell, Frank T. McGuire (orally), Robert E. Stucliffe, Bangor, for plaintiff.

Solman, Page & Hunter, P.A., Richard N. Solman (orally), Richard D. Solman, Caribou, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and SCOLNIK, JJ.

ROBERTS, Justice.

On January 10, 1981, Diane Gerard was injured in a motor vehicle accident. Diane's husband, Kempton Gerard, was then a full-time employee of McCain Foods, Inc. Diane was covered under the family coverage provision of McCain's employee group medical plan for which Kempton paid a small fee. Under this plan, McCain paid $20,569.02 for Diane Gerard's medical expenses. The plan contained no subrogation clause.

On January 19, 1983, Diane Gerard filed a complaint in Superior Court, Aroostook County, against the persons who allegedly caused her injuries. On February 8, 1983, McCain commenced this action for declaratory judgment claiming that as a matter of law, McCain is subrogated to the Gerards' rights to recover against third parties for Diane's medical expenses. While this action was pending, the Gerards settled their claim against the tortfeasors and obtained a recovery which exceeded the amount McCain paid for Diane's medical expenses. Subsequently the parties treated this action as a suit for a money judgment submitted to the court upon an agreed statement of facts.

The Superior Court entered a judgment against McCain and in favor of the Gerards upon a finding that subrogation is unavailable to McCain. McCain appeals, contending that it is entitled to equitable subrogation even though its employee group health plan contains no subrogation clause. Because equitable subrogation is not available in these circumstances, we affirm the Superior Court.

We have defined subrogation as "the substitution of one person in place of another, whether as a creditor or as the possessor of any other rightful claim, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim and its rights, remedies or securities." *Associated Hospital Service of Maine v. Maine Bonding & Casualty Co.*, 476 A.2d 189, 190 (Me.1984) (citations omitted). Equitable subrogation arises by operation of law rather than by contract. *Id.* at 189. However, equitable subrogation is not available where a person pays a debt in performance of his own obligation, as that person is the primary obligor. *Michigan Hospital Service v. Sharpe*, 339 Mich. 357, 373, 63 N.W.2d 638, 641 (Mich.1954); *see also*, 73 Am.Jur.2d *Subrogation* § 22 (1974). Other jurisdictions have concluded that medical plans are agreements which provide that upon payment of a fee the plan will provide medical service for a specified period "whenever needed" and therefore, the insurer has a primary obligation to pay the medical expenses. *See Michigan Hospital Service, supra; Courtney v. Harris*, 355 So.2d 1039 (La.App.1978). We agree and hold that McCain is not entitled to equitable subrogation because it was a primary obligor and was required under its

own contract to pay Diane Gerard's medical expenses.

The entry is:

Judgment affirmed.

All concurring.