Rockingham
No. 2002-453

DIANA WOLTERS

v.

AMERICAN REPUBLIC INSURANCE COMPANY

Argued: May 14, 2003
Opinion Issued: June 27, 2003

*Devine, Millimet & Branch, P.A.*, of Manchester (*Andrew D. Dunn* on the brief and orally), for the plaintiff.

*Elizabeth Cazden*, of Manchester, by brief and orally, for the defendant.

DALIANIS, J. The defendant, American Republic Insurance Company, appeals a decision of the Superior Court (*Coffey*, J.) granting summary judgment to the plaintiff, Diana Wolters, on her declaratory judgment claim. We affirm.

The relevant facts are as follows. On January 16, 1997, the plaintiff was injured in an automobile accident. She incurred approximately $77,392 in medical expenses. The plaintiff was insured by the defendant under a group health insurance policy, which covered her medical expenses. She sued the driver of the other vehicle and the defendant did not intervene. In March 2001, the plaintiff settled her claim for $625,000.

On March 16, 2001, after settlement, the defendant notified the plaintiff that it had placed a lien upon her settlement proceeds. It is undisputed that the plaintiff's insurance contract with the defendant contains no clause providing for reimbursement or subrogation lien rights to the defendant for the payment of medical expenses. The plaintiff filed a declaratory judgment action in superior court to determine the parties' rights. Both sides filed motions for summary judgment as to whether the defendant is entitled to reimbursement from or equitable subrogation of the plaintiff's settlement proceeds.

The court granted the plaintiff's motion for summary judgment, ruling that, absent an express contractual or statutory provision, the defendant has no right to equitable reimbursement or subrogation of the plaintiff's settlement proceeds. This appeal followed.

"Summary judgment is an appropriate means of avoiding the expense and time of a full trial, and thus the trial court must grant summary judgment when it finds no genuine issue of material fact, after considering

the affidavits and other evidence presented in a light most favorable to the non-moving party, and when the moving party is entitled to a judgment as a matter of law." *Hudon v. City of Manchester*, 141 N.H. 420, 423 (1996) (brackets, citations and quotations omitted). We review the trial court's application of the law to facts *de novo. Morse v. Goduti*, 146 N.H. 697, 698 (2001).

The sole issue on appeal is whether a health insurance carrier has an equitable right to reimbursement or subrogation of its insured's settlement proceeds for medical expenses paid under a policy that contains no reimbursement or subrogation clause.

 The doctrine of subrogation has its origins in equity. *See Dimick v. Lewis*, 127 N.H. 141, 145 (1985). A party's right to subrogation can arise either by contract, statute, or common law or equitable principles. *Moulton v. Groveton Papers Co.*, 114 N.H. 505, 510 (1974); *see also* 16 L. RUSS & T. SEGALLA, COUCH ON INSURANCE 3D § 222:6, at 222-27 (2000).

> The doctrine of subrogation presupposes the payment of a debt by a party secondarily liable therefor, who thereby acquires an equitable right to be reimbursed by the principal debtor and for the purpose of making this right effective is invested with all the rights which the creditor had against him (the principal debtor).

*DeLellis v. Burke*, 134 N.H. 607, 611 (1991) (quotation omitted). The purpose behind subrogation "is to place the responsibility where it ultimately should rest by compelling payment by the one who in good conscience ought to pay it." *Security Fence Co. v. Association*, 101 N.H. 190, 192 (1957) (quotation omitted). "It also prevents the insured from recouping a windfall double recovery." *Cunningham v. Metropolitan Life Ins. Co.*, 360 N.W.2d 33, 36 (Wis. 1985). "In any subrogation case, the burden of proving entitlement is on [the] subrogee, which generally includes proof of: [t]he existence and applicability of equitable principles or contractual provisions as to subrogation and reimbursement." RUSS & SEGALLA, *supra* § 222:7.

It is undisputed that the plaintiff's health insurance policy contains no provision allowing for reimbursement or subrogation. Nor does the defendant contend that it is entitled to reimbursement or subrogation by the operation of a statute. Rather, it contends that under New Hampshire law, it is entitled to reimbursement and subrogation through equitable principles. The issue of whether an insurer can be equitably subrogated to its insured's rights, absent a contractual provision, is a question of first impression in this State.

■ Rights of subrogation do not arise automatically upon payment of benefits under any contract of insurance, but instead depend upon the type of coverage involved. *Frost v. Porter Leasing Corp.*, 436 N.E.2d 387, 389 (Mass. 1982). Courts have generally found an implied right of subrogation to exist in policies, such as those for fire insurance, covering property damage. *See id.; see also Perreira v. Rediger*, 778 A.2d 429, 437 (N.J. 2001); *Gatzweiler v. Milwaukee Electric & Ry. Light Co.*, 116 N.W. 633, 633-34 (Wis. 1908). Such policies are characterized as indemnity insurance, since the insurer is under a duty to indemnify the insured for an actual loss. *Frost*, 436 N.E.2d at 389.

■ Where, however, a contract is one of personal insurance, such as a policy providing benefits for medical or hospital expenses, equitable subrogation is not applicable; there must be a contractual or statutory right for the insurer to be entitled to subrogate. *See Cunningham*, 360 N.W.2d at 36; *see also* RUSS & SEGALLA, *supra* § 222:25. We have recognized this distinction in prior cases. *Holland v. Company*, 83 N.H. 482, 485 (1929) (superseded by statute) ("subrogation not contracted for in cases of death or accident is not given the insurer as it is in the cases of fire and liability"). The overwhelming majority of cases that have considered equitable subrogation in the health insurance context have held that an insurer has no right to subrogation absent an express contractual provision. *See, e.g., Schultz v. Gotlund*, 561 N.E.2d 652, 654 (Ill. 1990); *Frost*, 436 N.E.2d at 390-91; *McCain Foods, Inc. v. Gerard*, 489 A.2d 503, 504-05 (Me. 1985); *Perreira*, 778 A.2d at 437; *Shumpert v. Time Ins. Co.*, 496 S.E.2d 653, 656-58 (S.C. Ct. App. 1998); RUSS & SEGALLA, *supra* § 222:26 (citing cases); Annotation, *Right of "Blue Cross" or "Blue Shield," or Similar Hospital or Medical Service Organization, to be Subrogated to Certificate Holder's Claims Against Tortfeasor*, 73 A.L.R.3D 1140, 1147-48 (1976). The rationale behind denying equitable subrogation in the personal insurance context is as follows:

> Subrogation rights are common under policies of property and casualty insurance, wherein the insured sustains a fixed financial loss, and the purpose is to place that loss ultimately on the wrongdoer. To permit the insured in such instances to recover from both the insurer and the wrongdoer would permit him to profit unduly thereby.

> In personal insurance contracts, however, the exact loss is never capable of ascertainment. Life and death, health, physical well being, and such matters are incapable of exact financial estimation. There are, accordingly, not the same reasons

militating against a double recovery. The general rule is, therefore, that the insurer is not subrogated to the insured's rights or to the beneficiary's rights under contracts of personal insurance, at least in the absence of a policy provision so providing.

*Perreira*, 778 A.2d at 438 (quotation omitted).

As the Arkansas Supreme Court has explained:

[R]ecovery for medical insurance benefits and tort damages does not necessarily produce a windfall or duplicative recovery. Most always when there is tort recovery the consideration for payment by the tortfeasor includes loss of wages, loss of earning capacity, pain and suffering, permanent or temporary physical impairment, medical expenses, property damages and intangible losses which are not susceptible to exact measurement. The principles which cause us to recognize equitable subrogation in property disputes are not present in the field of medical expense payments for personal injuries.

*American Pioneer Life Insurance Co. v. Rogers*, 753 S.W.2d 530, 532-33 (1988); *see Frost*, 436 N.E.2d at 390-91.

We find these cases persuasive. Granting health insurance companies a right, absent an express clause in an insurance policy, to recoup expenditures from a settlement or judgment for a plaintiff for whom it paid medical expenses, does not advance the purpose of equitable subrogation. We have noted that subrogation is generally not allowed where the insured's total recovery is less than the insured's actual loss. *Dimick*, 127 N.H. at 144. Settlements in particular "usually involve[] a reduced recovery," thereby militating against an implied right of subrogation. *See id.* Consequently, the plaintiff is generally not receiving a windfall if he or she receives both medical insurance benefits and settlement proceeds or damages against the tortfeasor in a personal injury case.

█ Nonetheless, we agree with the trial court that even if the plaintiff received a duplicative benefit of medical expenses for the same injury through the settlement, "the more equitable result is to permit [her] to recover because [s]he has paid for the benefits in the form . . . of insurance premiums." *Merchants Mut. Ins. Group v. Orthopedic Prof. Ass'n*, 124 N.H. 648, 658-59 (1984) (superseded by statute).

The defendant argues that the trial court erred in finding that the subject policy was an investment policy, for which subrogation is generally denied absent an express contractual agreement, rather than an indemnity

policy. It argues that the court erred in characterizing all medical or healthcare policies as investment policies rather than indemnity policies, and that a review of the subject policy establishes that it is of an indemnity nature. We agree with the plaintiff that the label attached to the insurance policy is inconsequential to our holding. It is the equitable principles involved that control our decision. *See, e.g., American Pioneer Life Ins. Co.*, 753 S.W.2d at 532-33; *Schultz*, 561 N.E.2d at 654; *Frost*, 436 N.E.2d at 390. Moreover, even if we were to consider the issue, the defendant failed to present the subject policy to either the trial court or this court for review. It therefore failed to carry its burden of creating a sufficient record for review on appeal. *Appeal of Montplaisir*, 147 N.H. 297, 304 (2001).

■ We hold that a health insurance company has no common law or equitable right to subrogation, and that "[i]f such a company desires protection against loss caused by the wrongs of third persons who would ordinarily be liable they must do so by the contracts they make." *Gatzweiler*, 116 N.W. at 634.

*Affirmed.*

BROCK, C.J., and BRODERICK, NADEAU and DUGGAN, JJ., concurred.