10th Circuit Court — Plaistow District Division
No. 2012-051

WELLS FARGO BANK

v.

SCOTT SCHULTZ

Argued: February 7, 2013
Opinion Issued: February 25, 2013

*Hinshaw & Culbertson, LLP,* of Boston, Massachusetts (*Geoffrey M. Coan & a.* on the brief, and *Marissa I. Delinks* orally), for the plaintiff.

*MaroneyLaw, PLLC,* of Manchester (*Walter L. Maroney* on the brief and orally), for the defendant.

CONBOY, J. The defendant, Scott Schultz, appeals an order of the 10th Circuit Court — Plaistow District Division (*Coughlin,* J.) denying his motion to dismiss and granting judgment to the plaintiff, Wells Fargo Bank, in its action for possession of real estate. *See* RSA 540:12 (2007). We affirm.

The following facts are supported by the record or are otherwise undisputed. On October 19, 2006, the defendant obtained a loan from Option One Mortgage Corporation (Option One) in the amount of $312,000 to purchase a home in East Hampstead (the Property), and executed a promissory note and mortgage to Option One. In December 2008, the defendant fell behind on his mortgage payments and in April 2009 was informed that the Property would be sold at foreclosure. The defendant did not petition the superior court to enjoin the foreclosure. *See* RSA 479:25, II (2001).

The foreclosure sale occurred on May 18, 2011, at which the plaintiff purchased the Property, as evidenced by a foreclosure deed. On June 15, 2011, the defendant was served with an eviction notice. On July 22, 2011, the plaintiff filed a possessory action, pursuant to RSA 540:12, in the Plaistow District Division seeking to evict the defendant from the Property. The defendant moved to dismiss the action on the ground that the plaintiff lacked standing to evict him. The defendant argued that the plaintiff's

alleged possessory right was based upon two prior assignments that were "fatally defective, if not fraudulent." He submitted several affidavits and documents in support of his motion. On October 18, 2011, the trial court denied the defendant's motion to dismiss because it found that it lacked jurisdiction to rule on issues directly affecting title to real estate. *See* RSA 502-A:14 (2010).

On October 24, 2011, the defendant moved for reconsideration, which the trial court denied. Thereafter, the court held a hearing on the merits. The plaintiff submitted a certified copy of its foreclosure deed, and the trial court took judicial notice of the eviction notice. On December 16, 2011, the court entered judgment for the plaintiff. This appeal followed.

On appeal, the defendant argues that the trial court erred by denying his motion to dismiss. He argues that the plaintiff lacked standing to bring a possessory action under RSA 540:12 because the plaintiff failed to prove that it was the "owner" of the Property. The issue presents a question of statutory interpretation. *See Deutsche Bank Nat'l Trust Co. v. Kevlik*, 161 N.H. 800, 802 (2011). "We are the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole." *Id.* "We first examine the language of the statute, and, where possible, we ascribe the plain and ordinary meanings to the words used." *Id.* "We review the trial court's interpretation of a statute de novo." *Id.*

Under RSA 540:12, "[t]he owner, lessor, or purchaser at a mortgage foreclosure sale of any tenement or real estate may recover possession thereof from a lessee, occupant, mortgagor, or other person in possession, holding it without right, after notice in writing to quit." *In Kevlik*, we addressed whether a plaintiff in a possessory action satisfied the "ownership" element of RSA 540:12. *See Kevlik*, 161 N.H. at 803-04. In that case, "the plaintiff's attorney presented, as proof of ownership, uncertified copies of a foreclosure deed and affidavit and a mortgage assignment." *Id.* at 803. Because the uncertified documents failed to comport with New Hampshire Rules of Evidence 902(4) or 1005, we held that "the plaintiff [had] not carried its burden to show ownership of the property." *Id.* at 803-04. In so ruling, however, we noted:

> Had the plaintiff proffered authenticated documents, with supporting testimony if necessary, regarding the foreclosure sale, or other proof of its ownership of the property, the trial court could have properly ruled on the issue of the plaintiff's entitlement to possession . . . .

*Id.* at 804.

██ Unlike in *Kevlik*, here the plaintiff "proffered [an] authenticated document . . . regarding the foreclosure sale." *Id.*; *see also* N.H. R. Ev.

902(4), 1005. In fact, the defendant does not dispute that the plaintiff submitted a certified copy of its foreclosure deed. Further, RSA 540:12 provides that an "owner, lessor, *or* purchaser at a mortgage foreclosure sale . . . may recover possession." (Emphasis added.) A plaintiff may recover possession under RSA 540:12 by demonstrating that it is one of the three enumerated entities. We conclude that the plaintiff's certified copy of the foreclosure deed was sufficient to establish that it was a "purchaser at a mortgage foreclosure sale" eligible to seek possession under RSA 540:12. *See Kevlik*, 161 N.H. at 804.

The defendant argues that even if the plaintiff satisfied *Kevlik*, "in the current mortgage market, the mere provision of a foreclosure deed . . . should not be sufficient to establish the standing of a possessory plaintiff to bring an eviction action, particularly where there are intervening transfers between the original lender and the foreclosing entity." He argues that the plaintiff should be required to prove in the district division its "record title" through assignments leading up to the foreclosure sale. We disagree.

The defendant relies on several out-of-state cases to support his position. *See, e.g., Bank of New York v. Bailey*, 951 N.E.2d 331 (Mass. 2011); *Manufacturers Hanover Mortg. Corp. v. Snell*, 370 N.W.2d 401 (Mich. Ct. App. 1985). We agree that the cases cited by the defendant stand for the proposition that a mortgagor may contest issues of title in a post-foreclosure proceeding. *See Sturdivant v. BAC Home Loans Servicing, LP*, No. 2100245, 2011 WL 6275697, at *5-6 (Ala. Civ. App. Dec. 16, 2011). However, the results reached in these cases were dependent upon inter-pretations of each state's statutory scheme. *See Eaton v. Federal Nat. Mortg. Ass'n*, 969 N.E.2d 1118, 1127 (Mass. 2012) ("Statutes play an especially significant role in connection with mortgage foreclosures effected under a power of sale."). As the plaintiff notes, these cases offer little guidance in construing our own statutory foreclosure scheme. Thus, we find the cases unhelpful to our analysis.

■ ■ In New Hampshire, the district division lacks jurisdiction to adjudicate issues of "title of real estate." RSA 502-A:14, I. Thus, although "[t]he district [division] has the authority to adjudicate possessory actions," *Bank of N.Y. Mellon v. Cataldo*, 161 N.H. 135, 139 (2010), issues of title must be resolved in superior court, *see Kevlik*, 161 N.H. at 803. In a possessory action in the district division, "the defendant shall not offer evidence which may bring the title to the demanded premises in question." RSA 540:16 (2007). Rather,

> [i]f the defendant shall plead a plea which may bring in question the title to the demanded premises he shall forthwith recognize to the plaintiff, with sufficient sureties, in such sum as the court shall

order, to enter his action in the superior court for the county at the next return day, and to prosecute his action in said court, and to pay all rent then due or which shall become due pending the action, and the damages and costs which may be awarded against him.

RSA 540:17 (2007). Because the district division lacks jurisdiction to adjudicate issues related to title, we reject the proposition that a defendant in a possessory action before the district division can challenge a plaintiff's chain of "record title" underlying a foreclosure deed other than by complying with the requirements of RSA 540:17.

As a final matter, the defendant argues that allowing a defendant in an eviction action to raise issues related to alleged title defects would not overly burden the district division. Whether litigation of title issues would burden the district division, however, is irrelevant to our determination. The question is whether the district division has jurisdiction to hear title issues.

Based on the foregoing, we conclude that the plaintiff satisfied its burden of proving that it was a "purchaser at a mortgage foreclosure sale" by submitting a certified copy of its foreclosure deed. Thus, we hold that the trial court did not err in denying the defendant's motion to dismiss.

*Affirmed.*

DALIANIS, C.J., and HICKS, LYNN and BASSETT, JJ., concurred.