NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

9th Circuit Court – Nashua Probate Division
No. 2013-649


IN RE ESTATE OF MURIEL R. MILLS

Argued:  June 26, 2014
Opinion Issued:  November 13, 2014

McDowell & Osburn, P.A., of Manchester (Mark D. Morrissette on the brief and orally), for the petitioner.


Harmon Law Offices, P.C., of Newton Highlands, Massachusetts (Amie DiGiampaolo on the brief and orally), for the respondent.

CONBOY, J.  The petitioner, Walter Hebert, the executor of the Estate of Muriel R. Mills, appeals an order of the Circuit Court (Patten, J.) granting the motion of the respondent, Federal National Mortgage Association, to dismiss the petitioner's quiet title action.  We affirm.

The following facts are drawn from the trial court's order and the record, or are otherwise undisputed.  The decedent, Muriel R. Mills, died on January 20, 2012.  At the time of her death, she owned property in Manchester.  On September 6, 2006, the decedent granted a "home equity conversion mortgage" (the mortgage) on the property to Financial Freedom Senior Funding Corporation (Financial Freedom).  The mortgage deed was recorded at the Hillsborough County Registry of Deeds.  The terms of the mortgage included a statutory power of sale that allowed Financial Freedom to foreclose upon the

property under certain enumerated circumstances, including the death of the borrower. The terms also provided that the "Borrower shall have no personal liability for payment of the debt secured by this Security Instrument" and that the "Lender may enforce the debt only through the sale of the Property."

On March 5, 2012, the petitioner was appointed executor of the decedent's estate (estate). In a letter dated March 14, counsel for the petitioner notified Financial Freedom of the decedent's death and of the opening of the administration of her estate. Counsel also requested the current balance due on the mortgage debt as well as any information regarding "any assignment of the mortgage." Thereafter, Financial Freedom did not file notice of a claim or present a demand to the petitioner pursuant to RSA 556:1, :3 (2007).

On October 31, 2012, counsel for Financial Freedom sent a letter to the estate explaining that she had been instructed to foreclose on the mortgage in the name of the respondent under the power of sale contained in the mortgage. The letter also informed the estate that the note had been accelerated and the entire balance was "due and payable forthwith," and included the total amount of the balance due on the debt. In response, the petitioner's counsel wrote to Financial Freedom claiming that it, "or any of its related entities, abandoned any interest[] that it may have had in the property" because it failed to file a claim within six months after the grant of administration of the estate. See RSA 556:1, :3. On November 27, 2012, the mortgage was assigned to the respondent and thereafter recorded at the Hillsborough County Registry of Deeds.

On March 5, 2013, counsel for Financial Freedom wrote to the petitioner's counsel, stating that "the statutory power of sale contained in the mortgage . . . is not a judicial remedy" and that "[t]he security instrument remains in place regardless of whether or not the lender filed a claim in the probate matter." It further informed the estate that the foreclosure effort had been put "on hold due to outstanding title issues."

In May 2013, the petitioner filed a petition to quiet title in the circuit court, asserting that Financial Freedom had "waived, lost, or abandoned any interest that it would have had in the property" and, therefore, the circuit court could issue an order quieting title to the property so that the beneficiary named in the decedent's will could receive the property. Subsequently, the same attorney who had previously represented Financial Freedom entered an appearance on behalf of the respondent and moved to dismiss the petition. The petitioner moved to strike the appearance filed on behalf of the respondent, arguing that the respondent received the assignment "after Financial Freedom and any of its successors already had abandoned and waived [their] interest in the underlying" mortgage and, thus, any interest granted to the respondent "was without legal effect." As a result, the petitioner claimed the respondent had no standing as it had "no valid legal interest in the subject property."

2

Following a hearing, the circuit court granted the respondent's motion to dismiss, and this appeal followed.

On appeal, the petitioner argues that the trial court erred by failing to find that the respondent's foreclosure action is barred because Financial Freedom did not provide notice of a claim and present a demand to the estate pursuant to RSA 556:1 and :3, and the respondent did not file suit against the administrator within one year of the grant of administration as required by RSA 556:5 (2007). The petitioner further contends that the trial court erred by failing to enter a decree pro confesso pursuant to Probate Division Rule 131 and a default judgment "against Financial Freedom, its agent and its assigns."

In reviewing the trial court's grant of a motion to dismiss, our standard of review is whether the allegations in the petitioner's pleadings are reasonably susceptible of a construction that would permit recovery. Plaisted v. LaBrie, 165 N.H. 194, 195 (2013). We assume that the facts set forth in the petitioner's pleadings are true and construe all reasonable inferences in the light most favorable to him. Id. We then engage in a threshold inquiry that tests the facts in the petition against the applicable law, and if the allegations constitute a basis for legal relief, we must hold that it was improper to grant the motion to dismiss. Id.

The petitioner first contends that the trial court erred by failing to find that the respondent is barred from foreclosing on the mortgage because Financial Freedom did not provide timely notice of its claim and present a demand to the estate as a creditor pursuant to RSA 556:1, :3, and because the respondent did not timely bring an action against him as the administrator of the estate under RSA 556:5. We disagree.

Resolving this issue requires that we interpret the pertinent statutory provisions. We review the trial court's statutory interpretation de novo. See Wells Fargo Bank v. Schultz, 164 N.H. 608, 610 (2013). We are the final arbiters of the intent of the legislature as expressed in the words of the statute considered as a whole. See id. "We first examine the language of the statute, and, where possible, we ascribe the plain and ordinary meanings to the words used." Id. (quotation omitted).

To maintain a claim against an estate, a creditor must comply with the time requirements in RSA 556:1, :3, and :5 or petition the court for an extension pursuant to RSA 556:28 (2007). See Skrizowski v. Chandler, 133 N.H. 502, 503, 503-04 (1990) (finding second mortgagee's action against estate "[s]eeking to retain assets of the estate" and "demanding the balance due on the note" was potentially time-barred when demand was not presented in timely fashion, nor was action commenced within filing deadline, but noting that mortgagee could petition trial court for an extension); Stewart v. Farrel, 131 N.H. 458, 460-61 (1989) (explaining that RSA chapter 556 sets forth filing

deadlines for claims against estate). Here, however, as stated in the terms of the mortgage, there can be no action against the borrower for payment of the debt. Rather, the only remedy for the mortgagee to enforce the debt is through sale of the property under the power of sale.

"Under New Hampshire law, power of sale mortgages permit mortgage foreclosure without any court proceedings." Bolduc v. Beal Bank, SSB, 994 F. Supp. 82, 90 (D.N.H. 1998); see 55 Am. Jur. 2d Mortgages § 471 (2009) ("A 'power of sale' is a contractual arrangement in a deed of trust or mortgage which confers upon the trustee or mortgagee the power to sell the mortgaged property without a court order in the event of a default."). "The words 'statutory power of sale' shall be understood as giving the mortgagee and executors, administrators, successors and assigns the right, upon any default of the performance of . . . any . . . condition contained in the mortgage, to foreclose by sale under the provisions of RSA 479:25-27-a inclusive." RSA 477:29, III (2013). RSA 479:25 (2013) provides, in relevant part: "Instead of [bringing suit in court], the mortgagee or his assignee may, upon breach of the condition, give such notices and do all acts as are authorized or required by the power, including the giving of a foreclosure deed upon the completion of said foreclosure." See also RSA 479:22 (2013). "In other words, exercising the statutory power of sale is equivalent to, and done instead of, bringing suit for a decree of sale." Bolduc, 994 F. Supp. at 90.

The petitioner maintains that the relevant provisions of RSA chapter 556 "do not exempt or except out of the notice and demand requirements the claims or interests relating to mortgages or other secured claims." He contends that those statutes "apply to the demand, claims, and actions without any limitation." The relevant provisions of RSA chapter 556, however, govern filing deadlines only for an "action" or "suit" against the administrator. RSA 556:1, :3, :5 (emphasis added). Sections 1, 3, and 5 of RSA chapter 556 do not, by the plain meaning of their terms, apply to a foreclosure pursuant to a power of sale under RSA 479:25 because a sale under that provision does not require judicial action. Thus, the respondent or its predecessors, as record holders of the mortgage on the property – which included a power of sale – were not required to present a demand pursuant to RSA 556:3, nor was the respondent required to bring suit under RSA 556:5 in order to enforce its right to foreclose on the property. We conclude, therefore, that any failure of Financial Freedom or the respondent to comply with the requirements of RSA chapter 556 did not constitute a valid basis for quieting title against the respondent. Further, to the extent the petitioner may have a claim for damages based upon the length of time between when he notified Financial Freedom of the decedent's death and when the respondent took action under the power of sale, such claim is not cognizable under a petition to quiet title.

The petitioner next argues that the trial court erred by not entering a decree pro confesso and a default judgment "against Financial Freedom, its

4

agent and its assigns." He maintains that, although the respondent filed an appearance, it "did not file any motion to intervene or any other pleading to suggest that it was appearing on behalf of or in substitution for Financial Freedom, its assigns, or its agent," and that "Financial Freedom failed to file an appearance or an answer."

Here, at the time the petitioner filed the quiet title action, Financial Freedom was not a party in interest as the mortgage had been assigned to the respondent. See Porter v. Coco, 154 N.H. 353, 357 (2006) ("The necessary parties to any proceeding[] are those who have an interest in the subject-matter of the suit and whose rights may be concluded by the judgment." (quotation and ellipsis omitted)). Indeed, contrary to the petitioner's contention, the respondent stated – in its objection to the petitioner's motion to strike its appearance, in its motion to dismiss, and in the hearing before the trial court – that it became the record holder of the mortgage through an assignment of mortgage well before the quiet title action was filed. See RSA 498:5-c (2010) (requiring defendant in an action involving real and personal property dispute to state in answer "whether or not he claims any estate or interest in, or encumbrance on, such property, or any part thereof, and, if so, the nature and extent of the estate, interest or encumbrance which he claims"). Counsel for the respondent filed an appearance and, thereafter, moved to dismiss based upon the respondent's interest in the property as assignee of the mortgage. Under these circumstances, we reject the petitioner's argument that the trial court erred by declining to enter a decree pro confesso and a default judgment.

Affirmed.

DALIANIS, C.J., and HICKS, LYNN, and BASSETT, JJ., concurred.