# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2013-0791, <u>JP Morgan Mortgage Acquisition Corp. v. Judy Thomas</u>, the court on February 11, 2015, issued the following order:**

Having considered the briefs, oral argument, and the record on appeal, the court concludes that a formal written opinion is unnecessary in this case. The defendant, Judy Thomas, appeals an order of the Circuit Court (<u>Spath</u>, J.) denying her motion <u>in</u> <u>limine</u>. We affirm.

The following facts are supported by the record. The plaintiff, JP Morgan Mortgage Acquisition Corporation, represents that in April 2013, it commenced an eviction action against the defendant. In June 2013, the defendant filed a motion to dismiss, alleging that the plaintiff "lacks sufficient competent evidence admissible under the New Hampshire Rules of Evidence to satisfy its burden of proof that the Plaintiff is the owner of the property as a purchaser at a valid foreclosure." In October 2013, on the same day as the hearing on the merits, the defendant filed a motion <u>in</u> <u>limine</u> to exclude the plaintiff's foreclosure affidavit on grounds that it was inadmissible hearsay, untrustworthy, and not "a record of regularly conducted activity." Following the hearing, the trial court denied the motion <u>in</u> <u>limine</u>, finding that the plaintiff's foreclosure affidavit "is properly authenticated, is not hearsay, and . . . establishes the possessory right of the plaintiff, and that no other supporting testimony is necessary."

On appeal, the defendant argues that the trial court erred in determining that the plaintiff satisfied its burden to establish ownership. The defendant asserts that "[t]he affidavit of foreclosure tendered at the hearing was patent inadmissible hearsay not coming within any hearsay exceptions because the affiant was not present at the foreclosure," and that "[w]ithout 'other testimony,'" the plaintiff "failed to carry its burden of proof at the eviction hearing that it was the owner of the property under RSA 540:12." We disagree.

Under RSA 540:12, "The owner, lessor, or purchaser at a mortgage foreclosure sale of any tenement or real estate may recover possession thereof from a lessee, occupant, mortgagor, or other person in possession, holding it without right, after notice in writing to quit . . . ." RSA 540:12 (2007). In <u>Deutsche Bank Nat'l Trust Co. v. Kevlik</u>, 161 N.H. 800 (2011), and subsequently in <u>Wells Fargo Bank v. Schultz</u>, 164 N.H. 608 (2013), we addressed whether the plaintiff in a possessory action had satisfied the "ownership" element of RSA 540:12. <u>See</u> <u>Kevlik</u>, 161 N.H. at 803-04; <u>Schultz</u>, 164 N.H. at 610-11.

In Kevlik, to establish proof of ownership, the plaintiff presented "uncertified copies of a foreclosure deed and affidavit and a mortgage assignment." Kevlik, 161 N.H. at 803. Holding that "the plaintiff [had] not carried its burden to show ownership of the property," we noted that the trial court could have properly ruled on the question of possession "[h]ad the plaintiff proffered authenticated documents, with supporting testimony if necessary, regarding the foreclosure sale, or other proof of its ownership of the property." Id. at 804. Thereafter, in Schultz, to establish proof of ownership, the plaintiff submitted a certified copy of its foreclosure deed. Schultz, 164 N.H. at 611. We concluded that "the plaintiff's certified copy of the foreclosure deed was sufficient to establish that it was a 'purchaser at a mortgage foreclosure sale' eligible to seek possession under RSA 540:12." Id. In doing so, we rejected the defendant's argument that "the mere provision of a foreclosure deed should not be sufficient to establish the standing of a possessory plaintiff to bring an eviction action." Id. (quotation and ellipsis omitted).

Here, in accordance with Schultz, the plaintiff carried its burden of establishing ownership of the property by submitting certified copies of the foreclosure deed and affidavit. We reject the defendant's argument that the certified copy of the affidavit is inadmissible hearsay, and that without "'other testimony'" the plaintiff "failed to carry its burden of proof at the eviction hearing that it was the owner of the property." See N.H. R. Ev. 902(4) (extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to certified copies of public records). To the extent that the defendant alleges title issues, the circuit court lacked jurisdiction over such issues, see RSA 502-A:14, I (2010), and it is undisputed that the defendant failed to transfer the case to superior court. RSA 540:17 (2007); see Bank of N.Y. Mellon v. Cataldo, 161 N.H. 135, 139 (2010) ("Having failed to enter their title action in the superior court, the defendants were prohibited from offering evidence in the possessory action in district court that may bring the title of the demanded premises in question."). We decline to address the remaining issues raised by the defendant because they are insufficiently developed to warrant judicial review. See Granite State Mgmt. & Res. v. City of Concord, 165 N.H. 277, 288 (2013). Accordingly, we affirm the trial court's order. We grant the plaintiff's motion to strike exhibits included in the defendant's appendix and identified in the plaintiff's motion as items (a), (b), and (d) and deny the motion as to item (c).

Affirmed.

DALIANIS, C.J., and HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,
Clerk**